

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-22-2006

# USA v. Thompson

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3728

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Thompson" (2006). *2006 Decisions*. Paper 1068.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1068

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-3728

UNITED STATE OF AMERICA

vs.

BRANDON THOMPSON,
                              Appellant

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
(D.C. Crim No. 04-cr-00130 )
District Judge:  Honorable Arthur J. Schwab

Submitted Under Third Circuit L.A.R. 34.1(a)
May 17, 2006
Before:  RENDELL, Van ANTWERPEN, and WEIS, Circuit Judges

(Filed:    May 22, 2006)

OPINION

WEIS, Circuit Judge.

        Defendant pleaded guilty to one count of possession of a firearm by a convicted

felon in violation of 18 U.S.C. § 922(g), and one count of possession with intent to distribute

five or more grams of cocaine base in violation of 21 U.S.C. § 841(a).  He reserved the right to

appeal the District Court's refusal to suppress evidence secured in a police search of his

1

automobile. He did not appeal the sentence itself.

Because this Opinion is not precedential we need not review the evidence, which is fully set out in the District Court Memorandum Opinion. Defendant contends that after his arrest, police officers towed his vehicle in violation of the City of Pittsburgh's Towing Policy and did not conduct a search of the car in accordance with the City's written inventory procedure policy.

Evidence discovered during an inventory search conducted pursuant to standardized procedures is admissible, unless the police acted in bad faith or for the sole purpose of investigation. See Colorado v. Bertine, 479 U.S. 367, 373 (1987). After an evidentiary hearing, the District Court concluded that police in good faith, and in accord with standard policies, had the vehicle towed from a busy thoroughfare and a business parking lot. Moreover, the inventory search, which did not include the locked trunk, was not done in bad faith or to investigate for evidence of crimes.

Defendant's argument that the towing fo his car did not comply with standardized procedures is without merit. The Towing Policy provides that a vehicle may be towed if it "presents a traffic hazard" and "cannot be driven away." Defendant's car met both conditions because it blocked the right lane of traffic and there was not anyone present who could drive the car away.

Defendant also argues that the inventory search did not comply with standardized procedures because the officers did not search the locked trunk, only the glove compartment and center console. The City's inventory procedure provides that "[t]he entire vehicle will be inventoried including the glove compartment and trunk if they are unlocked or if access to them

2

can be obtained with a key." The officer testified that he did not search the trunk because it was locked and was much harder to gain access to than the car's interior. There is no evidence that the inventory search was "a ruse for a general rummaging in order to discover incriminating evidence." Florida v. Wells, 495 U.S. 1, 4 (1990). The inventory search was reasonable where, though the officer did fully complete the search, he wrote an inventory list of the objects he located in the car and did not exceed the scope of the City's inventory search policy. See U.S. v. Mayfield, 161 F.3d 1143, 1145 (8th Cir. 1998) (holding that an inventory search was reasonable "[a]lthough the inventory list started at the scene was not completed as it should have been").

We find no error in the District Court's findings and conclusions.

Accordingly, the judgment of conviction of the District Court will be affirmed.